IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KARIN KRISTENSEN,** Individually And as Administratrix of the Estate of **DAWN LARSON GIFF A**; **DONALD LARSON;** and **CIERRA LARSON,** as Guardian and Next Friend of **K.L., a minor;** **MICHAEL FARINA,** Individually And as Personal Representative of the Estate of **LYDIA FARINA,** and as Next Friend of **J.W.F, E.F, M.F.** & **K.F, all minor children;** and **BEVERLY MERRICK;** **CHRISTINA GUZMAN,** Individually And as Personal Representative of the Estate of **STEVEN GUZMAN,** as Guardian and Next Friend of **M.G., a minor** and **MARINA LYNN ELLIS,** Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 17-CV-00126-DAE |

**MOTION IN LIMINE TO EXCLUDE
THE TESTIMONY OF PLAINTIFFS' EXPERT CHRISTOPHER LEE ELLIS**

COMES NOW THE UNITED STATES OF AMERICA and files this, its *Motion In Limine To Exclude The Testimony of Plaintiffs' Expert Christopher Lee Ellis* because his proposed testimony is irrelevant, his opinions do not assist the Court, and invades the province of the finder of fact. Further, COL Ellis' opinions must be excluded to the extent that they are conclusions of law.

## INTRODUCTION

Plaintiffs have designated Christopher Lee Ellis as an expert who will read the Army regulations to the Court, summarize what he believes to be the facts of the case to Court, and then give his opinion to the Court that these facts, viewed in light of the regulations, show that the Army violated the Army Regulations.  It is the finder of facts job to listen to the facts, consider the applicable regulations, and apply the regulations to the facts to determine if the Army violated those regulations.  Consequently, COL (ret.) Ellis' testimony is irrelevant as applying the facts to the law, or in this case the regulations, is the province of the fact finder.

## COL ELLIS' REPORT

1. Plaintiffs propose to call Christopher Lee Ellis as an expert on Army regulations who will testify that the Army personnel did not follow Army regulations in this case.

2. Mr. Ellis is a retired Army Colonel.  He retired from the Army in 2005.

3. In his report, Mr. Ellis spends four pages reciting what he believes are the applicable Army regulations and policies.

4. He spends approximately two pages reciting what he believes the facts are in this case.

5. The remainder of his report states his belief regarding the application of the regulations to the alleged facts.

6. He then applies the alleged facts to the regulations and concludes that the Army violated the regulations and that these alleged violations resulted in SPC Atase Giffa shooting four people, killing three and then committing suicide.

## LEGAL ANALYSIS

The Court should exclude COL Ellis' testimony as it is irrelevant because it does not assist the trier of fact.  The testimony is also irrelevant because it is the fact finder's job to apply

the applicable regulations to the facts and determine whether the Army violated the regulations. Expert testimony is that testimony which requires "scientific, technical, or specialized knowledge." *United States v. 13.48 Acres of Land, More or Less Situated in Leflore County, State of Mississippi,* 80 F.3d 1074, 1077 (5th Cir. 1996). For expert testimony to be admissible, Rule 702 requires the testimony to "assist the trier of fact" in understanding the evidence or to determine a fact in issue. *Mathis v. Exxon Corp*., 302 F.3d 448, 461(5th Cir. 2002) citing Fed. R. Evd. 702. Testimony assists the trier of fact, if it is relevant. Id. Courts are well versed in reading and interpreting government regulations. No expert is required to read and apply the regulations here. They do not require any technical or specialized knowledge to read, understand, and apply. "Expert testimony is superfluous if the facts can be accurately and intelligently described to the jury, and the jury is as capable of comprehending them and drawing conclusions from them as purportedly specialized experts." *Maddox v. Rockin D Marine Services LLC,* (E.D. La, 2017) 2017 WL 24790, citing *Salem v. United States Lines Co*., 370 U.S. 31, 36 (1962). "And where as here expert testimony is offered on an issue that a jury is capable of assessing for itself, it is plainly within the trial court's discretion to rule that testimony inadmissible because it would not even marginally 'assist the trier of fact,' while it must be viewed as a 'needless presentation' (F.R.EVID.403) ...." *Thompson v. State Farm Fire and Casualty Company,* 34 F.3d 932, 941 (10th Cir.1994). To the extent the regulations use terms of art, those terms are defined in a glossary at the end of the regulation and are easily understood. As previously stated, COL Ellis' expert opinion consists of restating Army regulations and applying them to the alleged fact resulting in a legal conclusion. This is the province of the Court.

The Court should exclude COL Ellis' opinions as impermissible legal conclusions. While an expert may offer opinions that embrace the ultimate issue before the trier of fact, they may not offer opinions that amount to legal conclusions. *C.P. Interests, Inc. v. California Pools, Inc.*, 238 F.3d 690, 697 (2001). Here, COL Ellis places himself as a finder of fact. He applies the regulations to the facts and concludes there were violations. He then goes further to conclude that those violations were the case in fact of the murders committed by Specialist Atase Giffa. These opinions should be excluded because they amount to legal conclusions.

## CONCLUSION

Based on the foregoing, Defendant United States asks that the Court exclude the testimony of COL Ellis.

Respectfully submitted,

**JOHN F. BASH**
United States Attorney

By:    */s/ Clayton Diedrichs*
**CLAYTON R. DIEDRICHS**
Colorado Bar No. 16833
**JACQUELYN M. CHRISTILLES**
Texas State Bar No. 24075431
**MATTHEW MUELLER**
Texas State Bar No. 24095592
Assistant United States Attorneys
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7100
Fax: (210) 384-7312
Email Addresses:
clayton.diedrichs@usdoj.gov
jacquelyn.christilles@usdoj.gov
matthew.mueller@usdoj.gov
**ATTORNEYS FOR**
**UNITED STATES OF AMERICA**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Joseph M. Schreiber (Lead Counsel)
Texas Bar No. 24037449
Erik A. Knockaert
Texas Bar No. 24036921
SCHREIBER KNOCKAERT, PLLC
701 N. Post Oak, Suite 325
Houston, TX 77024
Phone (281) 949-8904
Fax (281) 949-8914
joe@lawdoneright.net
erik@lawdoneright.net

Of Counsel:
J.Keith Hyde
Texas Bar No. 10370250
D'Juana Parks
Texas Bar No. 15519395
490 Park Street
PROVOST * UMPHREY
P.O. Box 4905
Beaumont, Texas 77701
Phone (409) 835-6000
Fax (409) 838-8883
khyde@pulf.com
dparks@pulf.com

Janet Hansen
Texas Bar. No. 01933600
THE LAW OFFICE OF JANET HANSEN
Two Greenway Plaza, Suite 600
Houston, Texas 77046
Phone (713) 255-3600
Fax (713) 255-3602
jhansen@janethansenlaw
**Attorneys for Plaintiffs**

> */s/ Clayton Diedrichs*
> **CLAYTON R. DIEDRICHS**
> Assistant United States Attorney